**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**HENRY TIMBERLAKE DUNCAN,**

      **Plaintiff,**

**v.**                                **Case No. 3:16-cv-11097**

**WESTERN REGIONAL JAIL, and
ADMINISTRATOR CRAWFORD, and
ADMINISTRATOR KING, and OFFICER
MANNON, and OFFICER BLEVINS,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff Henry Timberlake Duncan, proceeding *pro se* and incarcerated at the Western Regional Jail (the "Jail") in Barboursville, West Virginia, filed an amended complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") asserting that the Jail's policy and practices regarding inmate mail violate his constitutional rights of access to the courts and freedom of speech. (ECF No. 27). Pending before the Court are Defendants' motion for summary judgment, (ECF No. 32); Plaintiff's motion to amend the amended complaint, (ECF No. 35); and Plaintiff's response in opposition to Defendants' motion for summary judgment, which seeks summary judgment in Plaintiff's favor, (ECF No. 36). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

1

For the reasons that follow, the undersigned **FINDS** that the amended complaint and proposed second amended complaint fail to state a viable claim under § 1983. Accordingly, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Defendants' motion for summary judgment, (ECF No. 32); **DENY** Plaintiff's motion to amend the amended complaint and Plaintiff's motion for summary judgment, (ECF Nos. 35, 36); **DISMISS** the amended complaint, (ECF No. 27); and **REMOVE** this civil action from the docket of the court.

## I.     Relevant Facts and Procedural History

In the amended complaint, Plaintiff alleges that Defendants Crawford and King "are not having the jail deliver mail as the federal guidelines dictate," which Plaintiff contends infringes his right to access the courts. (ECF No. 27 at 1-2). He adds that on four dates in July 2016 "and many other dates," Defendants Mannon and Blevins failed to pass out or pick up the mail until the following day. (*Id.* at 2). Plaintiff further asserts that Blevins advised him that the Jail instructed the United States Postal Service several years ago to stop delivering and collecting mail at the Jail on Saturdays, because there was "no administrative staff working to process it." (*Id.*). Plaintiff contends that he has exhausted his administrative remedies by repeatedly filing grievances addressed to Crawford and King, but they refuse to correct the ongoing violation of his rights. (*Id.*). In his prayer for relief, he asks the Court to order the Jail to "go back to delivering and sending out mail like they use[d] to," order the defendants to pay the filing fees and any other costs of this civil action, and award Plaintiff monetary compensation in the amount of $50,000.00. (*Id.*).

On July 21, 2017, Defendants filed a motion for summary judgment in this matter. They contend that Plaintiff fails to demonstrate an injury to an existing or pending lawsuit

related to the Jail's mail policy; therefore, Plaintiff fails to state a claim of denied access to the courts. (ECF No. 32 at 2, 33 at 3-5). Further, Defendants argue that the Jail's mail policy does not violate Plaintiff's constitutional rights, because it is reasonably related to a legitimate penological interest in keeping the Jail free of contraband. (*Id.*).

On July 24, 2017, the undersigned issued a *Roseboro* notice, giving Plaintiff twenty-one days to respond to Defendants' motion for summary judgment. On August 9, 2017, Plaintiff filed a response in opposition to Defendants' motion for summary judgment, requesting that the Court grant summary judgment in his favor. (ECF Nos. 36, 37). Plaintiff argues that he has suffered a legally compensable injury by being denied access to the courts and counsel every Saturday since August 26, 2015. (ECF No. 37 at 2-3). He claims that he "sent letters out to his lawyer on Fridays that were not mailed out until Monday" and he was deprived of his legal mail on Saturdays, forcing him to wait until Monday to receive it. (*Id.* at 3). Plaintiff contends that the Jail's policy of disallowing mail service on Saturdays effectively precludes his right to communicate with counsel and, thus, denies him the ability to attack his charges and challenge the conditions of his confinement. (*Id.*). He also asserts that the mail policy prevents him from exercising his constitutional right to freedom of speech every Saturday, because he is prohibited from corresponding with family, friends, and organizations. (*Id.* at 4). Finally, Plaintiff disputes the Jail's contention that its mail policy is reasonably related to a legitimate penological interest. He argues that, instead, the Jail has merely chosen to "cut back" on support staff on weekends. Plaintiff asserts that specialized training is not required in any event to search the mail for contraband; therefore, the correctional officers on duty could perform that function on Saturdays. (*Id.* at 5-6). Plaintiff posits that the Jail would not be unduly burdened by implementing other measures, such as giving an administrative staff

3

member a day off during the week so that the individual could work on Saturday, or have the officers on staff inspect the mail instead of administrative personnel. (*Id.* at 7-8).

Also on August 9, 2017, Plaintiff filed the pending motion to amend his amended complaint, seeking to add as a defendant in this action Roger Wolfe, whom Plaintiff states is the current Administrator of the Jail and continues to enforce the policy that mail is not delivered to or collected from the Jail on Saturdays. (ECF No. 35 at 1). Plaintiff also wishes to add as a defendant David Farmer, Executive Director of the West Virginia Regional Jail and Correctional Authority, on the basis that Executive Director Farmer is allegedly "personally aware" of the violation of Plaintiff's rights, yet refuses to change the Jail's mail policy. (*Id.* at 1-2). Plaintiff's motion to amend otherwise does not assert any additional allegations or facts. For relief, he again asks that the Jail be ordered to reinstitute mail service on Saturdays, and he wants the defendants to pay all filing fees for this civil action. (*Id.*). However, Plaintiff does not renew his request for monetary compensation. (*Id.*).

## II.    <u>Standard of Review</u>

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to maintain a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Lytle v. Doyle*, 326

4

F.3d 463, 471 (4th Cir. 2003).

The court is required to liberally construe *pro se* complaints, such as the one filed by Plaintiff in this case. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Defendants have moved for summary judgment on Plaintiff's claims. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when no genuine issue of material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A fact is material if it "might affect the outcome of the suit under the governing law," and a disputed issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 501 U.S. at 248. Assertions of material facts must be supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court shall "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991). Consequently, motions for summary judgment impose a heavy burden on the moving party as it must be obvious that no material facts are in

dispute and no rational trier of fact could find for the nonmoving party. *See Miller v. F.D.I.C.*, 906 F.2d 972, 974 (4th Cir. 1990).

Nonetheless, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson,* 477 U.S. at 252. While any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Anderson*, 477 U.S. at 249-50).

## III.   **Discussion**

Plaintiff asserts that the Jail's policy of not allowing inmates to send or receive mail on Saturdays, as well as other instances in which the mail was delayed by one day, infringes his constitutional rights of access to the courts and freedom of speech. (ECF Nos. 27, 36, 37). Regarding his claim that he was denied access to the courts, Plaintiff states that the Jail's mail policy hinders his ability to communicate with his attorney in order to attack his criminal charges and conditions of confinement. (ECF No. 37 at 3). Specifically, he contends that he "sent letters out to his lawyer on Fridays that were not mailed out until Monday" and his legal mail was not given to him on Saturdays, requiring him to wait until Monday to review it. (*Id.*).

To state a claim under § 1983 based upon a delay in sending or receiving legal mail, an inmate must allege facts showing that the delay interfered with his constitutional right of access to the courts by causing an *actual injury* to his ability to attack his criminal

sentence or challenge to conditions of his confinement.[1] *Bryant v. Lee*, No. 92-6571, 1993 WL 188302, at *1   (4th Cir. June 2, 1993) (citations omitted) (citing *White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989)); *Lewis v. Casey*, 518 U.S. 343, 348–55 (1996). As the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), stated in *White*, it "is only when that delay results in prejudice to the plaintiff's actual access to the courts and somehow interferes with, *e.g.* sanctions, or effectively denies altogether the right, *e.g.* statute of limitations expires, that a plaintiff has a cognizable complaint." *White*, 886 F.2d at 729 Indeed, "[t]here simply is no deprivation of the right of access to the courts where the plaintiff cannot file a lawsuit today as opposed to tomorrow, next week or next month, without some showing that the delay interfered with or prejudiced the actual access to the courts." *Id*. The Fourth Circuit is clear that an inmate must show specific harm to his litigation efforts in order to survive summary judgment on a claim that he was denied access to the courts; conclusory or speculative allegations of harm do not suffice to demonstrate a claim of constitutional magnitude. *Strickler v. Waters*, 989 F.2d 1375, 1382–83 (4th Cir. 1993); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

Here, Plaintiff generally states that the Jail's mail policy and practices hinder his ability to communicate with his attorney and access the courts by delaying his incoming or outgoing mail by one or two days. Significantly, he does not identify any specific injury to his litigation efforts as a result of the delays. Numerous district courts in the Fourth Circuit have considered similar allegations and determined that a delay in an inmate's

---

[1] The right of access to the courts only requires that the state provide the necessary tools for inmates to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Arehart v. Robinson*, No. 7:06-CV-00268, 2006 WL 1288316, at *2 (W.D. Va. May 5, 2006). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (citing *Casey*, 518 U.S. at 355.)

ability to send or receive mail that causes no specific injury fails to state a cognizable "access to the courts" claim. For instance, in *Pearson v. Simms,* the court considered an inmate's claim that he was denied meaningful access to the courts due to the restrictions on his mailing privileges and other matters. *Pearson*, 345 F. Supp. 2d 515, 517 (D. Md. 2003), *aff'd*, 88 F. App'x 639 (4th Cir. 2004). The court stated that even though the inmate demonstrated a week-long delay in the posting of certain legal mail, he did not allege an "actual injury or specific harm, sufficient to support a claim of denial of access to the court, which he has suffered as a result of the allegedly alleged delay or mishandling of his mail." *Id.* at 520. Indeed, the court noted that the only evidence that the inmate offered of an injury was his "conclusory statement that he was unable to properly prosecute his cases." *Id.* The court held that the inmate did not allege, must less demonstrate, a specific injury to his litigation efforts and granted the defendants' motion for summary judgment. *Id.* at 521.

Similarly, in *Allen v. Johnson*, an inmate filed a § 1983 complaint concerning the fact that mail was not delivered to inmates in the correctional institution on Fridays. *Allen*, No. 3:09CV7-03-MU, 2009 WL 102541, at *3 (W.D.N.C. Jan. 13, 2009). The court held that to the extent that the inmate asserted that he was denied access to the courts, his claim failed because he did not allege any injury, such that his ability to pursue a legal claim was hindered. *Id.* (citing *Lewis,* 518 U.S. at 351–52).

Moreover, district courts in other circuits have analyzed analogous § 1983 actions. In *Odom v. Tripp*, the court considered a plaintiff's assertion that his constitutional rights were violated because the mail delivered to the jail on Saturdays was not distributed until Monday. *Odom*, 575 F. Supp. 1491, 1493 (E.D. Mo. 1983). The court held that a weekend delay in distributing mail was reasonable and did not amount to a constitutional violation.

*Id.* Likewise, in *Burkett v. Glen*, the court held that "mere delay in delivery of prisoner mail, especially delay that occurs over the weekend, is not unreasonable and thus fails to raise a constitutional question." *Burkett v. Glen*, No. 6:10-CV-06085, 2011 WL 4715162, at *1–2 (W.D. Ark. Sept. 14, 2011), *report and recommendation adopted*, 2011 WL 4715158 (W.D. Ark. Oct. 7, 2011) (citing *Valiant–Bey v. Morris,* 829 F.2d 1441, 1444 n.5 (8th Cir. 1987)).

Plaintiff's assertion that the Jail's mail policy and practices delay his mail by a couple of days clearly fails to state a plausible claim that he was denied access to the courts. While he contends that communications with his attorney were slightly delayed, he does not assert that he suffered any actual injury to his ability to challenge his conviction or the conditions of his confinement. As noted above, a delay itself does not satisfy the injury-in-fact requirement to state a claim that Plaintiff was deprived of access to the courts.

Moreover, as to Plaintiff's claim that the Jail's mail policy and practices violate his First Amendment right to free speech because they hinder his ability to communicate with his family, friends, and other organizations, this claim likewise fails. Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott,* 490 U.S. 401, 407-08, (1989). However, correctional facilities have a right to develop policies to control the mail to and from inmates to the extent that a legitimate penological goal is achieved and the policies do not place an unreasonably burden on the inmate's constitutional right. *Id.*

Numerous district courts within the Fourth Circuit have considered comparable § 1983 claims by inmates who state that their constitutional rights, including their First Amendment right to freedom of speech, are violated due to various mail delays. The courts have uniformly recognized that relatively isolated or short-term disruption in the

delivery or receipt of an inmate's mail does not rise to the level of a constitutional deprivation. *Whitehouse v. Corner*, No. 1:10CV1020 CMH/TRJ, 2012 WL 508628, at *2 (E.D. Va. Feb. 14, 2012); *Sayres v. Curtis*, No. 1:10-0193, 2012 WL 5285395, at *2 (S.D.W. Va. Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 5285394 (S.D.W. Va. Oct. 24, 2012); *Muhammad v. Mathena*, No. 7:14-CV-00142, 2015 WL 4274280, at *2 (W.D. Va. July 14, 2015), *aff'd*, 627 F. App'x 283 (4th Cir. 2016); *Woolfork v. Chesapeake Mail Clerk*, No. 1:09CV198 AJT/TCB, 2009 WL 7024994, at *1 (E.D. Va. Apr. 15, 2009), *aff'd*, 332 F. App'x 71 (4th Cir. 2009). Even *persistent* non content-based, short-term delays do not implicate constitutional concerns. *Id.* (citing *Sizemore v. Williford,* 829 F.2d 608, 611 (7th Cir.1987)). As emphasized by the Seventh Circuit Court of Appeals in *Sizemore*, *supra*, a case that is regularly cited by district courts in this circuit, "merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Sizemore*, 829 F.2d at 610. This is the case even if the delays are persistent. *Id.* at 611.

Furthermore, Plaintiff's claim fails because the short-term delay at issue is very clearly reasonably related to the legitimate penological interest of searching the inmates' mail for contraband. *Sayres*, 2012 WL 5285395, at *2 (citing *Altizer v. Deeds,* 191 F.3d 540 (4th Cir. 1999) (The opening and inspecting of an inmate's mail is reasonably related to legitimate penological interests, and therefore, does not violate the First Amendment)); *accord Muhammad*, 2015 WL 4274280, at *2. Plaintiff's amended complaint indicates that the mail policy is uniformly applied, and the parties agree that mail is not processed at the Jail on Saturdays due to a lack of administrative staff to search it for contraband. While Plaintiff suggests various alternatives, such as having correctional officers process

10

the mail on Saturdays, the fact remains that Plaintiff fails to allege a claim of constitutional dimension. Although a couple-day delay may inconvenience Plaintiff, he does not set forth any facts that show a violation of his constitutional rights or an actual injury as a result of the Jail's mail policy and practices. *White,* 886 F.2d at 724; *Sayres*, 2012 WL 5285395, at *2.

Therefore, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief can be granted, and his amended complaint should be dismissed. In addition, because Plaintiff's proposed second amended complaint fails to state a viable claim under § 1983, the court should deny the motion to amend his amended complaint. Finally, for the reasons stated above, Plaintiff is not entitled to summary judgment in his favor and that motion also should be denied.

## IV.    <u>Proposal and Recommendations</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**, (ECF No. 32); Plaintiff's motion to amend the amended complaint and motion for summary judgment be **DENIED**, (ECF Nos. 35, 36); and that the amended complaint, (ECF No. 27), be **DISMISSED**, with prejudice, and the civil action be **REMOVED** from the docket of the court.

 Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk

of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:**  September 22, 2017

Cheryl A. Eifert
United States Magistrate Judge