# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**HENRY TIMBERLAKE DUNCAN,**

    **Plaintiff,**

v.                                                                                         **Case No. 3:16-cv-11097**

**WESTERN REGIONAL JAIL, et al.,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending are Plaintiff's Combined Motion to Compel and Motion for Sanctions, (ECF No. 67); Plaintiff's Motion to Admit All [of] Plaintiff's Requests for Admissions as True, (ECF No. 69); Plaintiff's Motion to Amend the Second Amended Complaint, (ECF No. 81); and Defendants' Motion for Summary Judgment, (ECF No. 83).

Having considered the motions and for the reasons stated below, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiff's Combined Motion to Compel, and **DENIES** Plaintiff's Motion for Sanctions, (ECF No. 67). The Court **ORDERS** Defendants to file supplemental responses to Plaintiff's Interrogatory Nos. 2, 8, and 10 within **ten (10) days** of the date of this Order. Additionally, for reasons appearing to the Court, and pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, the Court **ORDERS** that the time period within which Defendants were required to respond to Plaintiff's Requests for Admission is retroactively extended through June 18, 2018, the date on which Defendants filed supplemental responses to Plaintiff's discovery requests.

Therefore, the Court **DENIES** Plaintiff's Motion to Admit All [of] Plaintiff's Requests for Admissions as True, (ECF No. 69).

The Court further **ORDERS** Defendants to file electronically in this case within **ten (10) days** of the date of this Order a copy of the "internal mail policy at the Western Regional Jail" that is referenced in Defendant's Memorandum in Support of Motion for Summary Judgment, (ECF No. 84 at 4); copies of any other written policies concerning magazines, books, or newspapers that applied to Plaintiff when he was incarcerated in the Western Regional Jail; any other documents upon which Defendants rely in their Motion for Summary Judgment; and any necessary affidavits to support Defendants' Motion for Summary Judgment. Defendants shall mail copies of the above electronically-filed documents to Plaintiff at the time the documents are filed with the Court.

Finally, the Court **ORDERS** that a hearing on Plaintiff's Motion to Amend the Second Amended Complaint, (ECF No. 81), and Defendants' Motion for Summary Judgment, (ECF No. 83), shall take place on **Tuesday, September 18, 2018** at **11:00 a.m.** before the undersigned United States Magistrate Judge, Courtroom 102, Sidney L. Christie Federal Building, Huntington, West Virginia. Plaintiff shall participate in the hearing via videoconference from the Northern Regional Jail and Correctional Facility. Arrangements for the videoconference shall be made with the Northern Regional Jail and Correctional Facility by the Court's information technology staff.

I. **Plaintiff's Combined Motion to Compel and Motion for Sanctions**

On November 19, 2017, Plaintiff filed a Second Amended Complaint, which alleges that Defendants prevented him from ordering subscriptions to newspapers and magazines while he was incarcerated in the Western Regional Jail. (ECF No. 47). On April 6, 2018, Plaintiff served written Interrogatories on Defendants. (ECF No. 68 at 2). On

May 17, 2018, after receiving no response to the discovery requests within 30 days of service as required by Rule 33(b)(2) of the Federal Rules of Civil Procedure, Plaintiff filed a Combined Motion to Compel and Motion for Sanctions under Rule 37 of the Federal Rules of Civil Procedure. (ECF No. 67). On May 23, 2018, Defendants filed responses to Plaintiff's Interrogatories. (ECF Nos. 71, 81-2). Thereafter, on June 11, 2018, Defendants filed a response to Plaintiff's motion to compel, arguing that Plaintiff did not contact Defendants before filing the motion, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure; that Defendants filed the discovery responses; and that Plaintiff did not suffer any prejudice from receiving the responses shortly beyond the response deadline. (ECF No. 73).

Defendants filed supplemental responses to Plaintiff's Interrogatories on June 18, 2018. (ECF No. 74). However, on June 19, 2018, ostensibly before Plaintiff received the supplemental responses, Plaintiff filed a reply to Defendants' response to Plaintiff's motion to compel. (ECF Nos. 75, 76). Plaintiff asserted that he repeatedly tried to contact Defendants' counsel to resolve the conflict before filing a motion to compel, but, according to Plaintiff, Defendants' counsel stopped answering Plaintiff's telephone calls. (ECF Nos. 75 at 2, 76 at 2). According to Plaintiff, Defendants failed to supplement their responses to Interrogatories 2, 8, and 10 and Defendants failed to respond to Interrogatories 9 and 16 at all. (ECF No. 76 at 3). Therefore, Plaintiff asked the Court to compel Defendants to answer Interrogatories 2, 8, 9, 10, and 16. (*Id.*).

Reviewing the parties' briefs and the documents filed in this matter, the Court finds that Defendants supplemented their responses to Interrogatories 9 and 16 and have fully responded to such discovery requests. (ECF No. 81-3 at 3-4). Therefore, Plaintiff's motion to compel responses to Interrogatories 9 and 16 is **DENIED**. However, Defendants'

responses to Interrogatories 2, 8, and 10 stated that Defendants were without full knowledge to respond to the interrogatories and provided that Defendants would supplement their answers to such requests. (ECF No. 81-2 at 8-10). Defendants have not argued that the interrogatories were overly broad or improper for any reason, nor have Defendants argued that their responses fully answered the interrogatories. Therefore, the Court **GRANTS** Plaintiff's motion to compel responses to Interrogatories 2, 8, and 10 and **ORDERS** Defendants to supplement their responses to such interrogatories within **ten (10) days**. However, the Court **DENIES** Plaintiff's request for sanctions under Rule 37(d)(1)(A)(ii). (ECF No. 67 at 1). Plaintiff has not incurred any attorneys' fees or expenses and has not demonstrated any prejudice from the short delay in receiving responses.

Notwithstanding the Court's refusal to award sanctions, Defendants are admonished to respond timely to discovery requests in the future. Defendants have the luxury of being represented by counsel, and counsel should be familiar with and follow the Rules of Civil Procedure and the Local Rules of this Court. If for some reason, additional time is needed to respond to discovery, counsel can request an extension from Plaintiff, or if his incarceration makes the request impractical, counsel can file a motion seeking an extension from the Court, explaining why an extension could not reasonably be obtained from Plaintiff.

## II.   Plaintiff's Motion to Admit All [of] Plaintiff's Requests for Admissions as True

Plaintiff served Defendants with Requests for Admission on April 6, 2018. (ECF No. 72 at 1). Defendants did not respond within 30 days as provided in Rule 36(a)(3) of the Federal Rules of Civil Procedure. Therefore, on May 17, 2018, Plaintiff filed a Motion to Admit all [of] Plaintiff's Requests for Admissions as True. (ECF No. 69). Defendants

filed responses to the Requests for Admission on May 23, 2018, and they filed a supplemental response to one of the Requests for Admission on June 18, 2018. (ECF Nos. 71, 74).

In response to Plaintiff's motion, Defendants argue that the Requests for Admission should not be deemed admitted under Rule 36(a)(3) of the Federal Rules of Civil Procedure because their responses were less than three weeks late, there is no trial date set in this matter, and their responses were filed well before the dispositive motion deadline of August 3, 2018. (ECF No. 72 at 2). Defendants further argue that Plaintiff has not alleged that he suffered any prejudice from their untimely responses, whereas Defendants state that they would suffer great prejudice if the Requests for Admission were deemed admitted. (*Id.* at 2-3).

Rule 36(a)(3) of the Federal Rules of Civil Procedure allows a Court to prescribe a shorter or longer time period for a party to respond to Requests for Admission. Considering the facts and circumstances presented in this case, the Court **ORDERS** that the deadline for Defendants to respond to Plaintiff's Requests for Admission is retroactively extended through June 18, 2018, the date of Defendants' supplemental response. Therefore, the Court **DENIES** Plaintiff's Motion to Admit all [of] Plaintiff's Requests for Admissions as True. (ECF No. 69). Once again, however, the Court admonishes Defendants to abide by their discovery obligations. Defendants are warned that continued failures on their part to follow the discovery rules and timely respond to requests will merit an award of monetary and other sanctions.

### III. Plaintiff's Motion to Amend

On July 17, 2018, Plaintiff filed a Motion to Amend his Second Amended Complaint. (ECF No. 81). According to Plaintiff, Defendants' discovery responses indicate

5

that the Executive Director of the West Virginia Regional Jail and Correctional Facility Authority, David A. Farmer ("Farmer"), was responsible for the Western Regional Jail policy that prohibited inmates from ordering books and magazines directly from a publisher, whereas the administrators of the Western Regional Jail were responsible for prohibiting Plaintiff from ordering a newspaper while he was incarcerated in that facility. (ECF No. 81 at 1-2). Plaintiff seeks to amend his complaint to add Farmer as a defendant. (*Id.* at 1). Plaintiff additionally seeks to amend his prayer for relief to include declaratory and injunctive relief and $10,000.00 in compensatory damages from each defendant. (ECF No. 81-1 at 7). The Court **ORDERS** that this motion will be addressed at the hearing scheduled on Tuesday, September 18, 2018 at 11:00 a.m. The parties should be prepared to argue their respective positions and provide evidentiary support, if available.

### IV.     Defendants' Motion for Summary Judgment

Defendants filed a Motion for Summary Judgment and Memorandum in Support. (ECF Nos. 83, 84). Defendants contend that an "internal mail policy at the Western Regional Jail … prohibits all inmates from ordering newspapers or magazines even if the periodical is sent directly from the publisher." (ECF No. 84 at 4). According to Defendants, "the policy is content neutral, and applies to all types of books and publications regardless of content." (*Id.*). Defendants state that the policy was implemented "to address the rising shipment of contraband materials into the jail" and Defendants explain their legal theory as to why the mail policy did not violate Plaintiff's constitutional rights. (*Id.* at 4-10). Defendants further assert that Plaintiff's claims for equitable relief are moot because Plaintiff was moved from the Western Regional Jail and is no longer subject to the harms alleged in his complaint. (*Id.* at 10-12).

Despite the fact that the "mail policy" is repeatedly referenced in Defendants' motion for summary judgment, Defendants did not cite to a regulation containing the mail policy, nor did they attach any such policy to their motion. Therefore, the Court **ORDERS** Defendants to file within **ten (10) days** of the date of this Order a copy of the "internal mail policy at the Western Regional Jail" that is discussed in Defendant's Memorandum in Support of Motion for Summary Judgment, (ECF No. 84 at 4); as well as copies of any other written policies concerning magazines, books, or newspapers that applied to Plaintiff when he was incarcerated in the Western Regional Jail; and any necessary affidavits to support Defendants' motion for summary judgment. Defendants shall mail copies of all such documents to Plaintiff at the time they are filed. The Court additionally **ORDERS** that Defendants' Motion for Summary Judgment, (ECF No. 83), and the response and reply thereto, shall be addressed at the hearing scheduled on Tuesday, September 18, 2018 at 11:00 a.m.

The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** August 9, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge